■ In the Matter of WARD FOODS, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board which sustained the determination of the Industrial Commissioner revising the employer-appellant's rate of contribution from 1.5% to 2.3% effective May 23, 1964. On May 23, 1964, Noma Corporation and Ward Baking Company merged and the name of the merged corporation was changed to Ward Foods, Inc., which assumed all of the obligations of Noma. Ward paid $2,700,000 in securities for Noma and continued the business that Noma had been engaged in up to the date of the merger; i.e., the management of numerous subsidiary corporations. At the time of the merger, Noma had 7 employees, 2 of whom continued in the employ of the merged corporation, while Ward employed approximately 950 people. More than a year prior to the merger, Noma Corporation transferred to a new corporation, Noma Lites, Inc., certain manufacturing facilities. The Industrial Commissioner held that this constituted a partial transfer pursuant to section 581 (subd. 4) of the Labor Law. On December 31, 1963, Noma's "employer's account" reflected a negative balance of $28,753.26 of which all but $1,447.92 had been transferred as a charge to the general account, and, in addition, it had reflected negative balances on the computation dates of July 1, 1961 and July 1, 1962. On December 31, 1963, Ward's "employer's account" reflected a positive balance of $397,340.36. Prior to the merger, Noma's normal rate of contribution was 3.2% plus .6% subsidiary tax, or a total of 3.8%, while Ward's rate of contribution was .9% plus the subsidiary tax of .6%, or a total of 1.5%. As a result of the merger, the Industrial Commissioner combined the "employer's accounts" of Ward and Noma into a single account, and recomputed Ward's contribution rate on the basis of the revised account, making a normal rate of 1.7% plus a subsidiary tax of .6% or a total of 2.3%. This computation was made by adding together the balances of the two com-

panies in order to obtain a reconstructed balance as of the last computation date prior to the transfer. Appellant contends that a transfer within section 581 (subd. 4, par. [c]) of the Labor Law did not occur when Ward Baking Company and Noma Corporation merged on May 23, 1964. Section 581 (subd. 4, par. [c]) provides that, when an employer transfers its business to another employer, the transferee shall take over and continue the employer's account in proportion to the payroll or employees assignable to the transferred organization, as determined by the commissioner. No transfer shall be deemed to have occurred if all of the following conditions exist: " (1) the transferee has not assumed any of the transferring employer's obligations, and (2) the transferee has not acquired any of the transferring employer's good will, and (3) the transferee has not continued or resumed the business of the transferring employer either in the same establishment or elsewhere, and (4) the transferee has not employed substantially the same employees as those the transferring employer had employed in connection with the organization, trade, business, or part thereof transferred." Under the facts presented here, a transfer within the meaning of the statute did occur since the assets and obligations of Noma were transferred to Ward Foods, Inc., and Ward did continue the business conducted by Noma prior to merger (*Matter of Welch-Allyn [Catherwood]*, 13 A D 2d 594; *Matter of Mark Hotel Corp.*, 9 A D 2d 412) and nothing is to be found to the contrary in *Matter of Heller & Usdan, Inc. (Catherwood)* (12 A D 2d 870). Appellant has raised as an issue on this appeal, for the first time, that the board did not take into consideration the provisions of section 581 (subd. 4, par. [a]) of the Labor Law which requires that "Where an employer * * * transfers his or its organization, trade or business in whole, or in part, the transferee shall take over and continue the employer's account, including its balance and all other aspects of its experience under this article, *in proportion to the payroll or employees assignable to the transferred organization, trade, or business*". (Emphasis supplied.) The board has conceded that this provision was applied at the time of the partial transfer from Noma Corporation to Noma Lites. Since the record does not clearly indicate what application, if any, of the above statute was made in the calculation of the new rate involved here, remittal is necessary for clarification of the procedures adopted pursuant to the statute, or for further appropriate proceedings. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.